IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-054 LY |
| | § | |
| DUSTIN DOHERTY | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on February 4, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

### I. PROCEDURAL BACKGROUND

On December 14, 2007, the Defendant was sentenced by Judge Kenneth Maura of the Southern District of Florida in West Palm Beach, to 8 months of imprisonment and three years of supervised release for making a false statement in connection with the sale of a firearm, in violation of 18 U.S.C. § 922(a)(6). The Defendant's supervision commenced on February 22, 2008.

The Defendant's conditions were modified in October 2008 to include alcohol abstinence based on the probation officer detecting the Defendant's use of alcohol at an office visit. On March 8, 2009, the Defendant was arrested and charged with public intoxication after he was a passenger in a car involved in a "fender-bender." The charge was dismissed the following day. Despite his

obligation to inform his probation officer of the arrest, the Defendant did not do so until 6 months later, in September 2009. After this, the Defendant failed to report to his probation officer, and the Flordia court transferred the case to this district, at which time it was assigned to the docket of Judge Yeakel. Thereafter, in November 2009, the probation office submitted its petition, alleging that the Defendant had violated his conditions by using alcohol in March 2009, by failing to report in October and November 2009, and by absconding from supervision. The undersigned ordered the issuance of a warrant on November 17, 2009.

At this same time, the probation office received a call from the prosecutor's office in Gladwin County Michigan, informing them that the Defendant was in custody there for failure to pay child support, and that he had a projected release date of December 22, 2009. The probation office then submitted its amended petition, adding an allegation that the Defendant had left the district without permission. That amended petition was filed on December 10, 2009.

The Defendant was transferred into federal custody in Michigan on December 22, 2009, and on January 19, 2010, he arrived in Austin and made his initial appearance on the Petition. On February 4, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II. FINDINGS OF THE COURT

1.     The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) consuming alcohol; (2) failing to report during the months of October and November 2009, and (3) leaving the district without permission.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The

Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is IV, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment. The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to 6 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of February, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE